

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

RICHARD TIPTON,

Defendant.

Criminal Action No. 3:92-CR-68-JRS-1

## ORDER

On May 28, 2013, this Court dismissed Defendant Richard Tipton's Motion for Relief from Judgment or Order pursuant to Fed. R. Civ. P. 60(b) for lack of jurisdiction and ordered the Clerk to file the motion as an unauthorized successive motion under 28 U.S.C. § 2255. The Court advised Tipton at that time that he may appeal the decision of the Court and that to do so, written notice of appeal must be filed with the Clerk of this Court within sixty (60) days of the date of the Order denying his Motion, in accordance with Federal Rules of Appellate Procedure 3 and 4. The Court further advised Tipton that failure to file a timely notice of appeal may result in the loss of the right to appeal. However, the Court inadvertently did not issue a ruling on whether or not Tipton was entitled to a Certificate of Appealability ("COA").

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(B). *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. A Certificate of Appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right



and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As explained in the Court's May 28, 2013 memorandum opinion, this Court lacks jurisdiction over Tipton's claim because he raised an identical ineffective assistance of trial counsel claim in a prior § 2255 petition, which was denied on the merits, and thus, this claim is successive. Further, Tipton's lengthy and unexplained delay in filing his Motion for relief under Rule 60(b) renders the Motion untimely. Tipton's Rule 60(b) Motion is both successive and untimely, and no law or evidence suggests that he has satisfied § 2253(c) such that he is entitled to further consideration of his claims. Accordingly, the Court DENIES a Certificate of Appealability.

Let the Clerk send a copy of this Order to all counsel of record and to the United States Court of Appeals for the Fourth Circuit.

It is so ORDERED.

James R. Spencer
United States District Judge

Entered this 23rd day of August 2013.

2